UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

Kimberly Davidson                    07658-032

_____      _____

_____      _____

(Enter above the full name of the plaintiff    (Inmate Reg.# of each Plaintiff)
or plaintiffs in this action).

**VERSUS**                           CIVIL ACTION NO. 1:06-0702
                                     (Number to be assigned by Court)

Deborah Hickey, Warden
Bureau of Prisons,
Prison Officials

**FILED**

SEP 11 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

(Enter above the full name of the defendant
or defendants in this action).

## COMPLAINT

I.  **Previous Lawsuits**

    A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes  X    No ____

1

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

   Plaintiffs: Kimberly Cowdson

   Defendants: Deborah Hickey, Warden; Neal Rehberg, Clinical Director; Kim Bennett, Trust Fund Supervisor; Tamara Pitt, RN;

2. Court (if federal court, name the district; if state court, name the county):

   Bluefield

3. Docket Number: 1:05-cv-00676

4. Name of judge to whom case was assigned:

   R. Clarke VanDervort

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

   Still Pending

6. Approximate date of filing lawsuit: July 21, 2004

7. Approximate date of disposition: _____

II. **Place of Present Confinement:** Alderson Federal Prison Camp.

    A. Is there a prisoner grievance procedure in this institution?

        Yes _X_      No ____

    B. Did you present the facts relating to your complaint in the Federal. state prisoner grievance procedure?

        Yes _X_      No ____

    C. If your answer is YES:

        1. What steps did you take? I filed a BP-9 ~~[scribbled out]~~ and obtained a tort claim

        2. What was the result? it is still pending

    D. If your answer is NO, explain why not: _____

III. **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: Kimberly Cordson 07658-132
        Address: B-Old Range, Federal Prison Camp P.O. Box A Alderson, WV 24910.

    B. Additional Plaintiffs and Address: _____

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant _Deborah Hickey_

is employed as _Warden_

at _Alderson FPC, Bureau of Prisons._

D. Additional defendants: _____

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

On August 19, 2006 Inmate Cordsen was beat savingly around the head and face with a Combination lock. Resulting in a hairline fracture above the right eye socket constituted Cruel and Unusual punishment violating Cordsen's Eighth Amendment rights to be free from Cruel + unusual punishment and Unnecessary, wanton infliction of pain that violated

4

## IV. Statement of Claim (continued):

standards of decency. Deliberate indifference of Prison officials to the seriousness of the assault was unnecessary and wanton infliction of pain. Inmate Cordson was denied access to medical treatment (after care) or psychological help.

Prisoners are entitled to protection from assaults by other prisoners. Prison officials have duty under Eighth Amendment to protect prisoners from violence at hands of other prisoners. Prison officials inadequately screened inmates mental, emotional, or other problems resulting in injury to inmate Cordson.

## V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Compensatory and or Punitive Compensation for injuries that are caused by the deprivation of constitutional rights of inmate Cordson. Wrongful act was done intentionally and maliciously, embarrassment, humiliation, and improper deprivation. Plaintiffs Eighth Amendment rights have been violated. Reckless or callously indifferent deprivations of federal statutory or constitutional rights as well as for deprivations motivated by actual malicious intent.

Officials failed as a result of deliberate indifference to protect Plaintiff from violence of other inmates states claim of cruel and unusual punishment. Failure to employ and train sufficient prison security personnel to ensure safety of inmates from physical attacks by other inmates constitutes Cruel and unusual punishment. Only one officer was on duty to provide safety and security for an entire building which has four (4) units and houses over 600 inmates. The building was seriously over crowded with inmates sleeping in TV rooms, converted to fish bowls, busstops, and hallways. At the time of the assault, the one officer was at the smoke shack smoking and left the unit without a guard on duty.

Eighth Amendment imposes obligation of federal Correctional officers to take reasonable steps to protect inmates from violence at hands of other inmates. Prison officials had knowledge of impending risk of harm and injury. Inmate "Ortiz" had made phone calls stating she was going to get a transfer closer to her family. Officials were deliberate indifference to prisoners right to security. Officials failed to screen phone calls of inmate "Ortiz" to be assigned to "investigative status". Officials could have taken measures to reduce incidence of such violence. Officials are guilty of negligence and deliberate indifference to the seriousness of the situation.

Overcrowding and lack of security violated Eighth amendment Cruel and unusual punishment Clause "overall conditions were inhumane".

Page 3 of Statement of Claim

Officials ignored advise of doctor and interfered with cause of medical treatment. Inmate Cordson was instructed to apply ice and take Tylenol for pain. Certain treatment eliminated pain and suffering at least temporarily. Officials failed to deliver inmate Cordson's medication in timely fashion and failed to give ice in a timely manner while in protective custody. Cordson was denied access to medical and/or psychological help. Officials showed deliberate indifference to medical needs of Cordson who was seriously injured during the assault with a lock.

## V. Relief (continued)

Plaintiff was beaten by a fellow inmate with a lock resulting in Irreparable harm (Hairline fracture above the right eye socket) Wrongful act was done intentionally and Maliciously, embarrassment, humiliation, and Improper deprivation Plaintiff suffers Mental and Emotional distress, continued physical illness, and disfigurement. All legal fees included.

## VII. Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _____     No __X__

If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

If not, state your reasons: I would like a Court appointed lawyer.

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes _____     No __X__

If so, state the lawyer's name and address:

_____

_____

Signed this  5th  day of  September , 19 2006

_____
*Kimberly Goodsen*
07658-032  Bold Range 4
_____
Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  September 5, 2006
            (Date)

_____
*Kimberly Goodsen*
Signature of Movant/Plaintiff

_____
Signature of Attorney
(if any)

7

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**            **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
| --- | --- |
| HW Stafford | 8-27-06 |
| FROM: Kimberly Corkson | REGISTER NO.: 07658-032 |
| WORK ASSIGNMENT: Recreation | UNIT: BPM Range 4 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On 8-24-06 Ms Flack moved my work assignment to BR-4 from HR-1. I came to Mr. George Garrett's office and told him I had been assaulted with a lock and my work site had been moved. Mr. Garrett told me to come to him on 8-25-06 and he would tell me where I would go and what I would be doing. On 8-25-06 I went to sick call just like was suggested I do, to get re evaluated after the assault. Inmate Ashworth informed me that Mr. Mr. Garrett had no jobs open and put me on the Hospital Maintenance job detail. I said "What" Inmate Ashworth told me again, so there fore I went to Mr. Garrett myself. Why did Mr. Garrett discuss this with an inmate?

(also with nurse)

(Do not write below this line)

DISPOSITION:

Resolved
Changed to B-4 for 8/31/06 per request.

Copy out regarding the treatment I received after the assault

| Signature Staff Member | Date |
| --- | --- |
| [signature] | 8/30/06 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Page 2 of Cop. No. 1

BP-S148.055  INMATE REQUEST TO STAFF CDFRM
JEP
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
| --- | --- |
| AW Stafford | 8-27-06 |
| FROM: Kimberly Goodson | REGISTER NO.: 07658-032 |
| WORK ASSIGNMENT: Education | UNIT: B-BH Range 4 |

(Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

to find out if the inmate had told the truth, and if she did. I told Mr. Carrott "why was I being punished and penalized after being assaulted. My job detail and pay grade should not change." Mr. Carrott state he had a full crew and had no where to put me." I told Mr. Carrott I was going to talk to the AW about this "and he said "I do not care who you told to that is the way it is." So I left and went to Lt. Jones SIS and reported this. He was going to talk to Mr. Carrott. AW Stafford I was never placed on an Idle or Med. Carry after the assault this was a very serious assault

(Do not write below this line)

DISPOSITION:

Resolved 13 .

Signature Staff Member       Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)     This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**              **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO: (Name and Title of Staff Member) AW Stafford | DATE: 8-27-06 |
| FROM: Kimberly Goodson | REGISTER NO.: 07658-032 |
| WORK ASSIGNMENT: Recreation | UNIT: B.Bld Range 4 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I was moved to the Recreation Job detail starting Monday. To my surprise on the call out on 8-26-06 Mr. Carrett hires Inmate Rodriguez as Cottage Maintenance work detail. Ms. Stafford checks. Mr. Carrett lied to me on 8-24-06 & I had spoken to him regarding this job that was opened and he stated he did not have any openings. Why am I punished and/or penalized by losing My Job and grade in pay due to this assault. Could you please restore My Job and grade in pay immediately. Thank you for looking into this issue. This can be verified by the Call-out.

Kimberly Goodson

(Do not write below this line)

DISPOSITION:


Signature Staff Member        Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)      This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**U.S. DEPARTMENT OF JUSTICE**     9/5/06     **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Goodson, Kimberly C**    07658-032    Valley bbdr-4    Alderson
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - INMATE REQUEST.** On August 19, 2006 Inmate Goodson was beat savagely around the head and face with a combination lock. Resulting in a hair line fracture above the right eye socket constituted cruel and unusual punishment violating Goodson's Eighth Amendment rights to be free from cruel and unusual punishment and unnecessary wanton infliction of pain that violated standards of decency. Deliberate indifference of FBOP officials to the seriousness of the assault was unnecessary and wanton infliction of pain. Inmate Goodson was denied access to medical treatment (after care) or psychological help.

Prisoners are entitled to protection from assaults of other prisoners. Prison officials have duty under Eighth Amendment to protect prisoners from violence at hands of other prisoners. Prison officials inadequately screened inmates mental, emotional, or other problems resulting in injury to Inmate Goodson. Officials failed as a result of deliberate indifference to protect her from violence of other inmates states claim for cruel

Sept 7, 2006          Kimberly Goodson
DATE          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

BP-9
regarding
assault

DATE                                              WARDEN OR REGIONAL DIRECTOR
*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                                              RECIPIENT'S SIGNATURE (STAFF MEMBER)      BP-229(13)

and unusual punishment. Failure to employ and train sufficient prison security personnel to ensure safety of inmates from physical attacks by other inmates constitutes cruel and unusual punishment. Only one officer was on duty to provide safety and security for an entire building which has four (4) units and houses over 600 inmates. The A-Building was seriously overcrowded with inmates sleeping in fish bowls and bus stops. At the time of the assault the officer was at the smoke shack smoking and left the unit without a guard on duty.

Eighth Amendment imposes obligation of federal correctional officers to take reasonable steps to protect inmates from violence at hands of other inmates. Prison officials had knowledge of impending risk of harm and injury. Inmate Ortiz had made phone calls stating she was going to get a transfer closer to her family. Officials were deliberate indifference to prisoners right to security. Officials failed to screen phone calls of inmate "Ortiz" to reassigned to "investigative status." Officials could have taken measures to reduce incidence of such violence. Officials are guilty of negligence and deliberate indifference to the seriousness of the situation.

Overcrowding and lack of security violated Eighth Amendment cruel and unusual punishment clause "overall conditions were inhumane."

Officials ignored advise of doctor and interfered with cause of medical treatment. Inmate Cordson was instructed to apply ice and take Tylenol for pain. Certain treatment eliminated pain and suffering at least temporarily. Officials failed to deliver inmate Cordson's medication in timely fashion and failed to give ice in a timely manner while in protective custody. Cordson was denied access to medical or psychological help. Officials showed deliberate indifference to medical and or mental needs of Cordson who was seriously injured during the assault with a lock.

Relief: Prevent future deprivations of inmate Cordson's constitutional rights by employing adequately trained officials required for high standards of safety, security, sanitation, and discipline which promotes a physically and emotionally sound environment. Warden Hickey should be held liable for negligence and deprivation of Inmate Cordson's Eighth Amendment right to be free from cruel and unusual punishment.

Warden Hickey plainly proved dereliction of duty and abused the color of law, color of office, and color of authority, sense causing irreparable harm and damage to inmate Cordson. Warden Hickey's office is expected to protect given her position and as Warden. She violated her post based on the facts already shown in the above cause of action. Therefore her dismissal is warranted. Thank you for considering the cause of action at hand.

Kimberly Cordson
07658-032
September 7, 2006



Kimberly Graham
01057-032 B-15-U Ranger
Federal Prison Camp
P.O. Box A
Alderson, WV 24910

United States District Court
Southern District of West Virginia
Office of the Clerk
P.O. Box 4128
Bluefield, WV 24702