# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **KIMBERLY GOODSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:06-0702** |
| | ) | |
| **DEBORAH HICKEY, Warden,** | ) | |
| **FPC Alderson,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 11, 2006, Plaintiff, acting *pro se* and formerly incarcerated at FPC Alderson

in Alderson, West Virginia,[1] filed her Complaint in this matter claiming entitlement to relief

pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S.

388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document No. 1.) Plaintiff alleges that she was

severely beaten about her head and face with a combination lock by another inmate on August 19,

2006, which resulted in a hair line fracture above her right eye socket.[3] Plaintiff contends that

---

[1] The Federal Bureau of Prisons' website indicates that Plaintiff was released from custody on April 10, 2007.

[2] Because Plaintiff is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] Plaintiff originally asserted the above claim in her "Motion for Relief," which was filed in Civil Action No. 1:05-0676. (Civil Action No. 1:05-0676, Document No. 35.) By Order entered on August 28, 2006, the undersigned determined that Plaintiff's claims were beyond the scope of those issues presented in Civil Action 1:05-0676 and appeared to be an attempt to initiate a separate civil action under *Bivens*. (*Id.*, Document No. 37.) Therefore, the undersigned ordered "the Clerk to send Plaintiff a copy of a form Complaint and Application to Proceed *in Forma Pauperis* and that within 30 days of the date of the order, Plaintiff (1) file, if she wishes, the form Complaint specifying, among other things, the Defendant(s) in her *Bivens* action and stating her claims, and (2)

Defendants subjected her to unsafe circumstances in violation of her Eighth Amendment right to protection from violence at the hands of other inmates and to be free from cruel and unusual punishment and infliction of pain. Specifically, Plaintiff claims that Defendants subjected her to unsafe conditions by failing to properly screen other inmates for mental, emotional, and other problems. Plaintiff further complains that Defendants denied her medical and psychological treatment following the assault. Plaintiff seeks an award of compensatory and punitive damages.

On September 16, 2006, Plaintiff filed a Motion for Relief. (Document No. 7.) By Order entered on July 30, 2007, the undersigned construed the above motion as an addendum to Plaintiff's Complaint because the motion substantially recited the same allegations as contained in her Complaint. (Document No. 12.) In the Motion, Plaintiff contends that prison officials changed her job designation and did not allow her any time to recover after she was assaulted by the inmate. Plaintiff continues to allege that prison officials were deliberately indifferent to her serious medical needs and punished her for no reason.

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton

_____

either pay the $350.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2)." (*Id.*)

v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law. From the record available to the Court, it appears that Plaintiff filed her Complaint without first exhausting her administrative remedies pursuant to the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(a) (2002). Accordingly, the undersigned has determined that Plaintiff's Complaint in this case should be summarily dismissed.

## DISCUSSION

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[4] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and

---

[4] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121

S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only

money damages must complete any prison administrative process capable of addressing the inmate's

complaint and providing some form of relief, even if the process does not make specific provision

for monetary relief."). "[T]here is no futility exception to the PLRA's exhaustion requirement."

Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires

that only "available" administrative remedies be exhausted. A grievance procedure is not "available"

if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004);

Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies

for exhaustion purposes where inmate was unable to file a grievance because prison officials refused

to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.

2001)(allegations that prison officials failed to respond to his written requests for grievance forms

were sufficient to raise an inference that inmate had exhausted his available administrative

remedies.)

     If an inmate exhausts administrative remedies with respect to some, but not all, of the claims

she raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims

and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166

L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner

has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint

contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears

to be the majority view as well that exhausting administrative remedies after a Complaint is filed

will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir.

2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is

pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate

eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue

administrative remedies prior to filing a complaint in federal court. Moreover, if during the

pendency of a suit, the administrative process were to produce results benefitting plaintiff, the

federal court would have wasted its resources adjudicating claims that could have been resolved

within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196

F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)]

makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may

not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA

requires that available administrative remedies must be exhausted before the filing of a suit in

Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate

that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ

Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative

remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had

available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir.

2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing

a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have

the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from

considering at the outset whether an inmate has exhausted administrative remedies. The Fourth

Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to
> be pleaded and proven by the defendant. That exhaustion is an affirmative defense,

however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is

unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., §

542.15(a) and (b). If the inmate's Request went initially to the Regional Director, the inmate may

appeal an unfavorable response to General Counsel on a BP-11 form within 30 days after the

Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to

the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel

issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days

to complete. An inmate's submission may be rejected at any level for failure to comply with the

administrative remedy requirements or if the submission is written in an obscene or abusive manner.

Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is

correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an

opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal

level. Id., § 542.17(c).

    In the instant case, Plaintiff filed her "Inmate Request to Staff" on August 27, 2006,

complaining that prison officials changed her job designation following the assault and she was

being punished for no reason. (Document No. 1, pp. 10 - 12.) Plaintiff filed her BP-9 on September

5, 2006, alleging that prison officials violated her constitutional rights by failing to protect her from

being assaulted by another inmate and denying her medical and psychological treatment following

the assault. (Id., pp. 13 - 14.) On September 11, 2006, Plaintiff filed the instant Complaint. (Id., pp.

1 - 9.) Warden Hickey denied Plaintiff's administrative request on September 28, 2006.[5] (Document

---

[5] Warden Hickey denied Plaintiff's request based on the following:

The assault that occurred on August 19, 2006, is currently under investigation. As
for your claim that staff failed to protect you from the assault, there is no evidence
to support your allegation that staff knew of a risk to your safety and yet failed to

No. 10., p. 2.) On October 3, 2006, Plaintiff timely filed her BP-10 appealing the denial at the institutional level to the Regional Office. (Id., p. 3.)

Based on the foregoing, it is clear that Plaintiff failed to exhaust her administrative remedies respecting the claims she raises in this case prior to filing her Complaint. In her Complaint, Plaintiff indicates that she only filed a BP-9 regarding her claims. (Document No. 1, p. 3.) Plaintiff attaches to her Complaint copies of her "Inmate Request to Staff" (Id., pp. 10 - 12), and her BP-9 (Id., pp. 13 - 14.). Approximately a month after filing her Complaint, Plaintiff filed as exhibits copies of her "BP-9 Denial and my BP-10 regarding the assault." (Document No. 10.) At the time of the filing of her Complaint on September 11, 2006, Plaintiff clearly had not filed a BP-10 or BP-11. Plaintiff thus initiated the administrative grievance procedure, but filed her instant Complaint prior to the resolution of her claims at the administrative level. In view of these circumstances, Plaintiff's Complaint must be summarily dismissed for her failure to exhaust administrative remedies.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and

---

reasonably respond to that risk. Moreover, you have been provided treatment following the assault. Specifically, you were transported to a local hospital for evaluation and treatment following the altercation on August 19, 2006. Furthermore, you received follow-up medical care on August 20, August 25, and September 14, 2006, by Health Services. The Health Services Administrator, educated you regarding your injury and instructed you to follow-up during sick call for any ongoing concerns. As of this date, you have not requested any additional examinations or assistance regarding your injury. Moreover, you were provided with psychological counseling on September 13, 2006, which was in response to a Request to Staff Member dated September 1, 2006 from you to Psychology. As you are aware, if you feel you need psychological treatment, you can request assistance via referral from staff, by submitting a Request to Staff Member, or by speaking with Psychology staff mainline daily.

(Document No. 10, p. 2.)

accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's

Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing

of this Findings and Recommendation within which to file with the Clerk of this Court specific

written objections identifying the portions of the Findings and Recommendation to which objection

is made and the basis of such objection. Extension of this time period may be granted for good

cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this

Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and

to mail a copy of the same to Plaintiff, who is acting *pro se*, and counsel of record.

Date: May 14, 2009.

R. Clarke VanDervort
United States Magistrate Judge

9